United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10716
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JANICE WILLIAMS

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-191-ALL-Y
---------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Janice Williams appeals the 18-month sentence imposed following her guilty-plea conviction for one count of false representation of a Social Security account number in violation of 42 U.S.C. § 408(a)(7)(B). In sentencing Williams, the district court departed upward from the eight to 14 month sentencing range determined pursuant to the United States Sentencing Guidelines. Williams argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relied on improper factors in departing upward.  Williams also moves for expedited review of this appeal; that motion is DENIED.

Williams's offense level was established based on the extent of the monetary harm to her institutional victims.  At sentencing, the district court stated that it intended to depart upward because the guideline calculations did not adequately reflect the harm caused to Williams's individual victims whose credit had been impaired on account of Williams's identity theft. Because this harm represents an aggravating factor that is not adequately taken into account by the relevant guideline, U.S.S.G. § 2F1.1 (1997), which establishes an offense level on the basis of monetary harm, the district court relied on a proper factor in deciding to depart upward.  See 18 U.S.C. § 3553(b); U.S.S.G. § 2F1.1 (comment., n.(10)).

AFFIRMED.